**SO ORDERED.**

**SIGNED this 13 day of November, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

MICHAEL R. GEHRIS,                                          CHAPTER 13
                                                            CASE NO. 12-01250-8-RDD
      DEBTOR

### ORDER OVERRULING DEBTOR'S OBJECTION TO PROOF OF CLAIM

Pending before the Court is the Objection to Claim Number 1 of the Internal Revenue Service (the "IRS") filed by Michael R. Gehris (the "Debtor") on September 4, 2013 (the "Objection") and the Response to Objection to Claim Number 1 of the Internal Revenue Service filed by the IRS on October 2, 2013 (the "Response"). The Court conducted a hearing on November 5, 2013 in New Bern, North Carolina to consider the Objection and the Response.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. On May 30, 2013, the IRS filed its Amended Proof of Claim Number 1 ("Claim 1") in the amount of $50,873.79. Of that amount, the IRS asserts a secured claim in the amount of $28,793.55, an unsecured priority claim in the amount of $18,765.39, and an unsecured general claim in the amount of $3,314.85. Claim 1 states the unsecured priority amount of $18,765.39 is based on taxes or penalties owed to the

government and is entitled to priority under 11 U.S.C. § 507 (a)(8). Attached to Claim 1 is a document entitled "Form 10" which itemizes the claim amount.

The Debtor objects to the 2006 and 2009 tax liability listed on Claim 1 and contends that the IRS will not let the Debtor claim "married" filing status. At the hearing the Debtor testified that he does not contest the tax liability, but contests the penalties and interest on those amounts because he was having a difficult separation from his wife and his life was very difficult at the time leaving him unable to timely file the tax returns.

The IRS contends the Debtor's spouse filed her 2006 taxes as "Head of Household" on April 30, 2007, and her 2009 taxes as "Head of Household" on May 17, 2010. The Debtor failed to file a return for 2006 until December 22, 2011 and for 2009 until February 6, 2012. For both returns Debtors status was "single" as his spouse claimed "Head of Household" and utilized the relevant deductions on her return. Therefore, the IRS contends the Debtor is not eligible for "Married" status or the deductions associated with that status.

## DISCUSSION

Section 502 of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502 further provides:

> (b) Except as provided in [other sections], if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount. . . .

11 U.S.C. § 502(b). If a party in interest objects to a claim filed under § 502, the party in interest "must introduce evidence to rebut the claim's presumptive validity." *In re Harford Sands Inc.*, 372

F.3d 637, 640 (4th Cir. 2004) (citing Fed. R. Bankr.P. 9017, Fed.R.Evid. 301). If the party in interest does introduce evidence that rebuts the claim's validity, "the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Id.*

Claim 1 was properly executed and filed, and thus "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). In response, the Debtor filed a timely objection to the claim. The Debtor, however, failed to introduce any evidence objecting to the claims validity, thereby rebutting the claim's presumptive validity. The Debtor objects to Claim 1 on the basis that he was having a difficult separation from his wife and his life was very difficult at the time which left him unable to timely file the tax returns. The Court finds the Debtor has failed to introduce any evidence or provide any allowable legal defense rebutting the claim. Accordingly, the Debtor's objection to Claim 1 is **OVERRULED.** Claim 1 of the IRS is **ALLOWED** as filed.

**SO ORDERED**.

**END OF DOCUMENT**